BOOTH v. ARNOLD.

SEVENTY-THIRD RULE; AFFIDAVIT OF DEFENSE.

1. If the defendant's affidavit of defense is within the scope of his defensive pleas, and, by any fair construction, constitutes a defense to the action as stated in the declaration, the 73d rule does not apply, and the case must be tried in the ordinary course.

2. A plaintiff cannot convert his affidavit into a pleading, and, by anticipating therein a defense, require the defendant to negative or defend against such new matter of claim. To permit this would be a conversion of the affidavit into pleadings, which is clearly not within the contemplation of the 73d rule. (Citing *Strauss* v. *Hensey,* 7 App. D. C. 289, 294, 36 L. R. A. 92.)

No. 1634. Submitted March 9, 1906. Decided April 3, 1906.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia in a suit on a promissory note.        *Reversed.*

The Court in the opinion stated the facts as follows:

This case involves the application of the 73d rule of the supreme court of the District of Columbia, providing for the entry of summary judgment on motion in an action arising *ex contractu.* On July 14, 1905, the appellee, Grant S. Arnold, as plaintiff, began an action of assumpsit against the appellant, Maud E., and her husband, Roland C., Booth, upon a promissory note for $1,200, executed by them jointly and on which certain credits were allowed. The declaration contains the ordinary common counts also. It is not denied that the plaintiff's affidavit was sufficient to warrant the entry of judgment, unless satisfactorily met by the pleas and counter-affidavit of the defendant. In addition, the plaintiff's affidavit anticipates a probable defense. In so doing, it recites at length certain transactions between the parties relating to a former judgment recovered against both defendants and since satisfied, and to certain transactions respecting the purchase and improvement of certain lots out of which the note sued on arose, the same being secured by a second trust. The affidavit then proceeds as follows:

"Thereafter litigation ensued concerning said real estate and said notes, which resulted in the supreme court of the District of Columbia decreeing on, to wit, the 27th day of January, 1904, that said promissory notes were an existing indebtedness of said defendants Booth, and secured upon said real estate, as more particularly appears in equity cause number 23,883 in said court. And thereafter the trustees named in said deed of trust, by virtue of the provisions thereof, default having been made in the payment of said notes, sold and conveyed said real estate, receiving therefor the sum of $450 or $150 for each lot, and said trustees paid the expenses of said sales, taxes on said real estate, and paid affiant on account of said note the sum of $176.43, on the said 18th day of August, 1904, leaving the balance of said note now due and unpaid."

The defendant, Maud E. Booth, filed a plea of nonassumpsit, and a special plea to the effect that, on August 2, 1902, she was, and has since been, the wife of Roland C. Booth, that the note

sued on was executed by her without any consideration whatsoever moving to her, and for the benefit and accommodation of her said husband, and said plaintiff, all of which was well known to the plaintiff at the time of accepting said note. Her supporting affidavit specifically denied any indebtedness to the plaintiff on account of the notes sued on, and recites at length an agreement between the plaintiff and her husband relating to the discharge of a judgment against him and the purchase of certain lots in her name, and their improvement. This apparently refers to the same transaction recited in plaintiff's affidavit. She further says, in accordance with this plan: "The title to said lots was acquired in my name. I paid nothing for the property, had no interest in the transaction, received nothing of value for anything I did concerning it, and merely permitted my name to be used at the request of Grant S. Arnold and my said husband and for their accommodation, because the said Roland C. Booth was unable to take title by reason of certain unsatisfied judgments then of record against him, all of which was well known to and consented to by said Grant S. Arnold."

It is further stated, substantially, that, in further execution of the agreement referred to, defendant joined her husband in the execution of certain notes to one Lillie T. Taplin, together with the note for $1,200 on which this suit is brought. In conclusion, she states that she never received anything of value for any of the said notes executed by her, and that it was fully understood between the plaintiff, her husband, and herself that she was not to receive anything for her connection with the transaction; that she was to be merely a figurehead to take and make title at the request of plaintiff and her husband; that, under the terms of the agreement, the proceeds of the sale of the property were to be devoted to the payment of said first and second deeds of trust, then to pay off the trust held by said Arnold, representing the sole debt of Roland C. Booth to said Arnold, and the advances made by said Arnold toward the acquisition and improvement of said property, the balance to be divided equally between plaintiff and said Roland C. Booth.

The affidavit then concludes as follows: "That the plaintiff Arnold well knows, and knew when he received said notes, that I received and was to receive no consideration for said notes or any of them; that I made the same merely for the purpose of accommodating my said husband and the said Grant S. Arnold in the furtherance of the joint enterprise entered into between the said Arnold and my husband."

Judgment was rendered for plaintiff against both defendants on motion, and Maud E. Booth has appealed therefrom.

*Mr. Eugene A. Jones* for the appellant.

*Mr. Wharton E. Lester* for the appellee.

Mr. Chief Justice Shepard delivered the opinion of the Court:

We are of the opinion that it was error to enter the judgment on said motion. The case is determinable primarily by the pleadings, not by the affidavits. The plaintiff's declaration is on a note, and the affidavit, so far as it supports the declaration, is ample, but the special plea, also supported by affidavit, tends to show a ground of defense to the cause of action as stated. The plaintiff's affidavit undertakes to allege a decree in equity relating to the indebtedness claimed as conclusive of the matter set up in defense. Whether that decree is sufficiently stated so as to show a former adjudication of the matters alleged in the defensive plea will not be considered. However this may be, the fact is not in support of any allegation in the declaration. It goes merely to anticipate and defeat the defense thereafter pleaded. The 73d rule contemplates no such extended application. It is a simple, direct means of obtaining speedy judgment in actions arising *ex contractu,* where the affidavit of the plaintiff completely supports the case made in the declaration, and complies strictly with all other conditions of the rule. However, if the defendant's affidavit is within the scope of the defensive pleas, and by any fair construction constitutes a defense to the action as stated in the declaration, judgment must

be denied and the case tried in the ordinary course. The plaint_ff cannot convert his affidavit into a pleading, and, by anticipating a defense, require the defendant to negative or defend against such new matter of claim. To permit this would be a conversion of the affidavits into pleadings, which is clearly not within the contemplation of the rule. *Strauss* v. *Hensey,* 7 App. D. C. 289, 294, 36 L. R. A. 92.

In that case the scope and purpose of the 73d rule was thus stated by Chief Justice Alvey: "The court cannot question or traverse the truth of the facts stated in the defendant's affidavit. Those facts the court is bound, for the purposes of securing to the defendant the right of trial, to assume as true, *and that, too, without reference to what the plaintiff may have stated in his affidavit.* If the facts stated by the defendant, by any reasonable or fair construction, will constitute a defense to the action or claim of the plaintiff, *within the scope of the pleas pleaded,* it is the absolute constitutional right of the defendant to have that defense regularly tried and determined in due course of judicial investigation. No rule, however beneficial it may be, * * * as means of preventing the use of sham or feigned defenses, or desirable for the expedition of business, can deprive the defendant of this right."

The language quoted applies to and governs the conditions presented in the case at bar. Judgment must, therefore, be reversed with costs, and the case remanded for trial in due course of procedure. *Reversed.*